```
```

Case 5:20-cv-00942-TJH-SP   Document 35   Filed 02/07/22   Page 1 of 6   Page ID #:226

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| STRIKE 3 HOLDINGS, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> TREVOR WISE, <br><br> Defendant. | ED CV 20-00942 TJH (SPx) <br><br> **Order** <br> **and** <br> **Judgment** <br><br> [33][34] JS-6 |

The Court has considered the motion for default judgment [Dkt. # 33 and # 34] filed by Plaintiff Strike 3 Holdings, L.L.C. ["Strike 3"], together with the moving papers.

Strike 3 owns the copyrights to numerous adult films. On April 30, 2020, Strike 3 filed this action, alleging a single claim for direct copyright infringement for various violations of the Copyright Act, 17 U.S.C. §§ 106 and 501. Specifically, Strike 3 alleged that an internet user – pseudonymously referred to as John Doe infringer identified as using IP address 47.150.2.180 ["John Doe"] – infringed the copyrights of 47 of its films ["the Films"] by downloading them via the internet and, then, distributing them to others without permission.

Order    Page 1 of 6

John Doe was subsequently identified to be Trevor Wise, but his true identity remained under seal given the sensitive nature of the allegedly infringed Films.

Wise was properly served, but he failed to respond to the complaint. On April 9, 2021, the Clerk of Court entered Wise's default.

Strike 3, now, moves for default judgment.

When reviewing a motion for default judgment, the Court must consider the following factors: (1) The possibility of prejudice to Strike 3; (2) The merits of Strike 3's substantive claim; (3) The sufficiency of the complaint; (4) The sum of money at stake in the action; (5) The possibility of a dispute concerning material facts; (6) Whether Wise's default was due to excusable neglect; and (7) Federal policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Regarding the first factor, the possibility of prejudice to Strike 3 is high because Wise thwarted Strike 3's attempts to litigate its claims by failing to engage in this case. Without a judgment, Strike 3 would likely have no other recourse. *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

Regarding the second and third factors, the Court must accept the factual allegations in the complaint regarding liability as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). To establish a *prima facie* case of direct copyright infringement, Strike 3 must demonstrate: (1) Ownership of a valid copyright; and (2) The use of the copyrighted material without permission. *See Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

A plaintiff, generally, may not bring a copyright infringement suit until the United States Copyright Office has registered its copyright. *Est. Pub. Benefit Corp. v. Wall-Street.com, L.L.C.*, 139 S. Ct. 881, 886-87 (2019); 17 U.S.C. § 411(a). Additionally, statutory damages are unavailable unless the copyrighted work was registered at the time that the alleged infringement occurred, unless the work was registered within three months of publication. 17 U.S.C. § 412(2). Registration occurs once the Copyright Office issues a certificate that includes, *inter alia*, the copyright's

registration number and date of registration. 17 U.S.C. § 410(a). A registration certificate is *prima facie* evidence of the validity of a copyright. *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011).

Strike 3 did not attach copyright registration certificates for the Films to either the complaint or the instant motion. However, that failure will not bar default judgment if the complaint set forth sufficient facts, including, *inter alia*, the registration numbers of the relevant copyrights. *See, e.g., McGraw-Hill Glob. Educ. Holdings, L.L.C. v. Khan*, 323 F. Supp. 3d 488, 496 (S.D.N.Y. 2018). Here, Strike 3 alleged that it registered its copyrights for each of the Films within three months of publication, and it provided the registration number for each Film. Accordingly, Strike 3 has established that it owned valid copyrights for each of the Films when it filed this action, and that it is eligible to recover statutory damages.

Regarding the second element of the copyright claim – that the copyrighted material was used without permission – an alleged infringer's "status as the registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is also the infringer." *Cobbler Nevada, L.L.C. v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018). Rather, Strike 3 "must allege something more to create a reasonable inference that a subscriber is also an infringer." *See Cobbler Nevada*. Here, Strike 3 alleged that it learned from Frontier Communications, pursuant to a Florida state court subpoena, that Wise's spouse was the IP address's subscriber. Strike 3 alleged, further, that it, then, connected various internet activities involving that IP address to Wise's social media account, thereby connecting Wise to the alleged copyright infringement of the Films. Thus, Strike 3 has alleged "something more" that allows the Court, here, to infer that Wise is the alleged infringer. *See, e.g., Strike 3 Holdings, L.L.C. v. Poluk*, No. 2:20-CV-2146-TLN-CKD, 2021 WL 5321824, at *3 (E.D. Cal. Nov. 16, 2021), report and recommendation adopted, No. 2:20-CV-02146-TLN-CKD, 2022 WL 224020 (E.D. Cal. Jan. 25, 2022). Finally, Strike 3 alleged that Wise obtained and distributed the Films without its permission. Accordingly, Strike

3 has established liability for direct copyright infringement. *See Feist*, 499 U.S. at 361.

Regarding the fourth factor, a copyright owner is entitled to recover either actual damages or statutory damages for infringements. 17 U.S.C. § 504(a). Here, Strike 3 seeks $750.00 – the minimum statutory damages amount – for each of its 47 copyrights that were infringed. For each infringed copyright, a copyright holder may recover statutory damages of between $750.00 and $150,000.00. 17 U.S.C. § 504(c). Based on an award of $750.00 for each of the 47 copyrights infringed, Strike 3 is seeking a total of $35,250.00.

Regarding the fifth factor, there is little possibility of a dispute concerning the material facts of this case. The Court must accept the factual allegations in the complaint regarding liability as true, and Wise failed to oppose this motion. *See Geddes*, 559 F.2d at 560.

Regarding the sixth factor, Wise's failure to appear was not due to excusable neglect. Strike 3's proof of process indicated that Wise was personally served, yet, he has never appeared.

Regarding the seventh factor, although federal policy favors decisions on the merits, all other *Eitel* factors weigh in favor of granting default judgment.

Consequently, default judgment is appropriate, here.

**Damages**

The Court has wide discretion in determining a just amount of statutory damages based on the circumstances in this case. *See Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990). Because Strike 3 seeks the minimum statutory damages amount, that amount is just. *See, e.g., UMG Recordings, Inc. v. Sanchez*, No. C 06-03457-JSW, 2007 WL 485955, at *2 (N.D. Cal. Feb. 12, 2007).

**Permanent Injunction**

Strike 3 seeks a permanent injunction against Wise. The Court may issue a permanent injunction on terms that it deems reasonable to prevent further copyright infringement. *See* 17 U.S.C. § 502(a). A permanent injunction is appropriate, here,

because: (1) Strike 3 would be irreparably harmed if Wise continues to infringe Strike 3's copyrights, (2) Monetary damages are inadequate; (3) The balance of hardships favors Strike 3; and (4) An injunction would benefit the public interest. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391-92 (2006).

**Costs**

Strike 3 seeks to recover its costs. The Copyright Act authorizes the Court to award full costs. 17 U.S.C. § 505. Strike 3, however, did not, submit proof of its costs. Consequently, Strike 3 may submit a Bill of Costs to the Clerk of Court, pursuant to 28 U.S.C. § 1920, to recover its costs.

Strike 3 did not ask for attorney's fees.

Accordingly,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the motion for default judgment be, and hereby is, 𝕲𝖗𝖆𝖓𝖙𝖊𝖉.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the Clerk of Court shall amend the records of this case to reflect, and unseal, the true name of Defendant Trevor Wise, who has been previously identified, here, as "John Doe infringer identified as using IP address 47.150.2.180."

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉, 𝕬𝖉𝖏𝖚𝖉𝖌𝖊𝖉, 𝖆𝖓𝖉 𝕯𝖊𝖈𝖗𝖊𝖊𝖉 that judgment be, and hereby is, 𝕰𝖓𝖙𝖊𝖗𝖊𝖉 in favor of Plaintiff Strike 3 Holdings, L.L.C., and against Defendant Trevor Wise, in the amount of $35,250.00.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that Defendant Trevor Wise be, and hereby is, immediately and permanently 𝕰𝖓𝖏𝖔𝖎𝖓𝖊𝖉 from directly, indirectly, or contributorily infringing any of Strike 3's copyrights, including by using the internet, BitTorrent or

any other online media distribution system to download, reproduce, and/or distribute a copyrighted work or to make a copyrighted work available for distribution, except pursuant to a lawful license or with the express written authority of Strike 3.

**It is further Ordered** that Defendant Trevor Wise shall immediately destroy all copies of the Films that he had downloaded onto a computer hard drive or server without Strike 3's authorization, and shall destroy all copies of the Films that were transferred onto any physical medium or device in his possession, custody, or control.

**It is further Ordered** that the Court shall retain jurisdiction over this action to enforce the permanent injunction.

**It is further Ordered** that Strike 3 may submit a Bill of Costs to the Clerk of Court within 14 days of this Order and Judgment.

Date: February 7, 2022

*Terry J. Hatter, Jr.*
Senior United States District Judge